**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE:<br>Rachel Shannon Cartwright<br><br>    Debtor(s)<br><br>General Motors Acceptance Corporation<br><br>    Movant,<br><br>v.<br><br>Rachel Shannon Cartwright<br>James H. Bone, Trustee<br><br>    Respondent(s) | CASE NO. 06-61293<br><br>CHAPTER 13<br><br>JUDGE ROBERT E. BRIZENDINE<br><br><br><br>**CONTESTED MATTER** |

## NOTICE OF HEARING

PLEASE TAKE NOTICE that General Motors Acceptance Corporation has filed a Motion for Relief From the Automatic Stay and related papers with the Court seeking an order terminating the automatic stay.

PLEASE TAKE FURTHER NOTICE that the Court will hold a hearing on the Motion in Room 1202 U.S. Courthouse, U. S. Bankruptcy Court, 75 Spring Street, S.W., Atlanta, Georgia 30303 at 10:30 AM on March 22, 2006 .

Your rights may be affected by the Court's ruling on these pleadings.  You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).  If you do not want the Court to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney must attend the hearing.  You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so.  If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response.  Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing.  The address of the Clerk's Office is Clerk, U.S. Bankruptcy Court, 75 Spring St.,S.W.,U. S. Courthouse, Atlanta, Georgia 30303.  You must mail a copy of your response to the undersigned at the address stated below.

     If a hearing on the Motion for Relief From the Automatic Stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the motion and agrees to a hearing on the earliest possible date. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

                                                    McCULLOUGH & PAYNE

Date: __February 24, 2006_                          _____/s/_____
                                                      Lisa Ritchey Craig
                                                      Georgia Bar No. 606755

1275 Peachtree Street, N.E.
Suite 430
Atlanta, Georgia 30309-3565
(404) 873-1386 office
(404) 875-4817 facsimile
lrcraig@mplawfirm.com
ATTORNEY FOR MOVANT
110.6114

## **CERTIFICATE OF SERVICE**

      I, Lisa Ritchey Craig, certify that I am over the age of 18 and that on this date, I served a copy of the foregoing Motion for Relief From the Automatic Stay and Notice of Hearing by first class U.S. Mail, with adequate postage prepaid on the following persons or entities at the addresses stated:

**Debtor(s) Attorney:**
E. L. Clark
3300 Northeast Expressway Building 3, Suite A
Atlanta, GA 30341

**Trustee:**
James H. Bone
100 Peachtree St.,N.W., Suite 1100
Atlanta, GA 30303

**Debtor(s):**
Rachel Shannon Cartwright
630 Beckenham Walk Dr.
Dacula, GA 30019

      This the __24th_ day of __February___, 2006.

                                             _____/s/_____
                                             Lisa Ritchey Craig

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN THE MATTER OF:  
Rachel Shannon Cartwright

    Debtor(s),

General Motors Acceptance Corporation,

    Movant,

v.

Rachel Shannon Cartwright  
James H. Bone (Trustee),

    Respondent(s)**.**

BANKRUPTCY NO. 06-61293

CHAPTER 13

JUDGE ROBERT E. BRIZENDINE

CONTESTED MATTER

## MOTION OF GENERAL MOTORS ACCEPTANCE CORPORATION FOR RELIEF FROM THE AUTOMATIC STAY

    COMES NOW General Motors Acceptance Corporation,("Movant"), Movant in the above-entitled cause, and as its Motion for Relief from the Automatic Stay, shows this Court as follows:

1.

    That this motion seeking relief from the automatic stay under §362 of the Bankruptcy Code is a proceeding which may be initiated by motion under the Rules of Bankruptcy Procedure.

2.

    That Debtor(s) did on February 6, 2006 file a petition for relief under Chapter 13 of the Bankruptcy Code.

3.

That at the time of the filing of said petition, Debtor was indebted to Movant in the sum of $28894.55 on a lease agreement relative to the leasing of a 2004 GMC Envoy automobile (the "Vehicle"), a true and correct copy of this Contract and the Certificate of Title evidencing Movant's interest therein, being attached to the proof of claim on file with the Clerk in this case.

4.

That good cause, including, but not limited to, a lack of adequate protection, exists for granting Movant relief from the automatic stay as relates to its interest in the Vehicle.

5.

That there is no equity in the Vehicle for the benefit of Debtor or unsecured creditors, and the Vehicle is not needed for an effective reorganization, thereby entitling Movant to relief from the automatic stay pursuant to §362(d) of the Bankruptcy Code.

6.

That Movant is further entitled to recover, as part of its secured claim, its expenses, including a reasonable attorney's fee incurred in this case and for the bringing of this motion, to the extent that the Vehicle may have a market value exceeding the net outstanding balance due Movant on its claim.

7.

That the Vehicle is collateral which can be easily moved, secreted, and damaged by the Debtor(s) or others and may not now be covered by adequate collision damage and comprehensive insurance, thereby entitling Movant to an order expressly providing that relief from stay not be stayed for the ten (10) day period provided for under Bankruptcy Rule 4001 (a)(3).

WHEREFORE, Movant prays that the automatic stay presently in effect be lifted so as to permit it to exercise its right to self-help repossess the Vehicle or foreclose upon its interest, that this Court expressly provide that said relief not be stayed as provided for under Bankruptcy Rule 4001(a)(3), that Debtor be ordered to surrender possession of the Vehicle to Movant, that Movant have and recover from the proceeds of the disposition of the Vehicle, its reasonable expenses, including an attorney's fee, and that Movant have such other and further relief as is just.

                McCULLOUGH & PAYNE

                _____/s/_____
                Lisa Ritchey Craig
                Georgia Bar No. 606755

1275 Peachtree Street, N.E.
Suite 430
Atlanta, Georgia 30309-3565
(404) 873-1386 office
(404) 875-4817 facsimile
lrcraig@mplawfirm.com
ATTORNEYS FOR Movant
110.6114